MCGREGOR W. SCOTT
United States Attorney
THOMAS M. NEWMAN
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00200-NONE-SKO |
| Plaintiff, | STIPULATION TO CONTINUE |
| v. | |
| CESAR LARIOS-ORTEGA,<br>RODOLFO CARDENAS-LARA, | |
| Defendants. | |

This case is set for a hearing on November 18, 2020, which the parties stipulate to continue to February 3, 2021, for a status hearing. On March 17, 2020, this Court issued General Order 611, which suspends all jury trials in the Eastern District of California scheduled to commence before May 1, 2020. This General Order was entered to address public health concerns related to COVID-19.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

STIPULATION                                                         1

and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California, and the defendants, by and through their counsel, stipulate to continue the hearing in this matter, which is currently set for November 18, 2020, until February 3, 2021, for a status hearing. In support thereof, the parties stipulate that:

1. The defendants were charged with possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), among other violations. The government provided

discovery and supplemental discovery.  The defendants are continuing to review the discovery and need time to do so.

2. For that reason, the parties agree to continue this matter until February 3, 2021.

3. The parties stipulate that the period of time from November 18, 2020, through February 3, 2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO STIPULATED.

Dated:  November 11, 2020            MCGREGOR W. SCOTT
                                     United States Attorney

                                By:  /s/ THOMAS NEWMAN
                                     THOMAS NEWMAN
                                     Assistant United States Attorney

Dated: November 11, 2020             /s/ Monica Bermudez
                                     Attorney for Defendant
                                     RODOLFO CARDENAS-LARA

                                     /s/ David Torres
                                     Attorney for Defendant
                                     CESAR LARIOS-ORTEGA

STIPULATION                          3

**O R D E R**

IT IS ORDERED that the hearing set for November 18, 2020, at 1 pm is continued until February 3, 2021, for a status conference.

IT IS FURTHER ORDERED THAT the period of time from November 18, 2020, through February 3, 2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **November 12, 2020**              /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE